<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROWENA K. CROWE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>Defendants. | Civil Action No. 15-6305 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson's (collectively, "Defendants") Motion to Transfer Venue. (ECF No. 28.) Plaintiffs Rowena K. Crowe ("Crowe") and Robert H. Crowe (collectively, "Plaintiffs") opposed, (ECF No. 30), and Defendants replied, (ECF No. 31). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendants' Motion and transfers this matter to the United States District Court for the Southern District of Alabama.

**I.   BACKGROUND**

Plaintiffs, residents of Alabama, filed their complaint in this Court on August 20, 2015, based on diversity jurisdiction. (Compl., ECF No. 1.) This case was transferred to the United States District Court for the Southern District of West Virginia to *In Re: Ethicon, Inc.* 2:12-MD-2327 MDL ("MDL") on September 4, 2015. (ECF No. 4.) The case was remanded back to this Court on October 29, 2020 (ECF No. 5) and reopened by this Court on November 2, 2020 (ECF No. 6).

Defendants are both New Jersey corporations with principal places of business in New Jersey. (Pls.' Opp'n Br. 2, ECF No. 30-1.) Plaintiffs allege that Defendants designed, manufactured, tested, trained, marketed, promoted, packaged, labeled, advertised, distributed, and sold the Gynecare Prolift Pelvic Floor Repair System ("Prolift") and the Gynecare TVT Obturator System ("TVT Obturator") (collectively, the "Products"). (Compl. ¶ 9; Pls.' Opp'n Br. 2.) The Products are used and marketed to treat or repair pelvic organ prolapse and stress urinary incontinence. (Compl. ¶ 14.) Plaintiffs allege Defendants continue to manufacture, market, distribute, and sell the Products even though they know the Products were not adequately tested for safety and efficacy, and "contain significant manufacturing and design defects that pose unnecessary risks to patients." (*Id.* ¶ 10.) Plaintiffs further allege that Defendants know "patients have suffered harm attributable to the defective condition" of the Products and Defendants' negligence. (*Id.*)

Plaintiff Rowena Crowe was implanted with both Products on July 17, 2007. (*Id.* ¶ 13.) This procedure was performed by Dr. Angela McCool at Thomas Hospital in Fairhope, Alabama. (*Id.*) Plaintiffs allege that as a result of having the Products implanted, Crowe sustained permanent injury and required multiple corrective surgical procedures. (*Id.* ¶ 16.) On October 8, 2012, Dr. Robert Brown performed a revision of the Prolift implanted in Crowe. (Pls.' Opp'n Br. 3.)[1] This surgery was performed in Fairhope, Alabama. (*Id.*) In March 2013, Plaintiffs moved from Fairhope, Alabama to Seale, Alabama. (*Id.*) On June 1, 2015, Dr. Niall Galloway performed a surgery on Crowe, removing a portion of the Prolift and transecting the TVT Obturator. (*Id.*) On

---

[1] The parties cite to entry number 69 on the Southern District of West Virginia MDL docket. This document, however, does not appear to have been included in the parties' Joint Designations of Record and is not included on this Court's docket. (*See* ECF Nos. 10–21.) Elsewhere, the parties cite to entry number 72-5 on the MDL docket, but this filing is a blank document on this Court's docket.

December 2, 2015, Dr. Galloway performed another surgery on Crowe related to the Prolift. (*Id.*
¶ 11.) Both of these surgeries were conducted at Emory Hospital in Atlanta, Georgia. (*Id.* ¶¶ 10–
11.)

## II.     LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought." 28

U.S.C. § 1404(a). As a threshold matter, to determine whether an action "might have been brought"

in a forum, the transferee court must have proper venue and personal jurisdiction. *Hoffman v.*

*Blaski*, 363 U.S. 335, 343–44 (1960) (quoting 28 U.S.C. § 1404(a)).

Courts then consider both public and private interests to determine whether convenience

and the interests of justice are better served by transfer to a different forum. *Jumara v. State Farm*

*Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Private interests include: the plaintiff's choice of venue;

the defendant's preference; whether the claim arose elsewhere; convenience of the parties;

convenience of the witnesses; and the extent to which records or other documentary evidence

would be available for production. *Id.* Public interests include: the enforceability of any judgment;

practical considerations that could make the trial easy, expeditious, or inexpensive; relative

administrative difficulty resulting from court congestion; local interest in deciding the controversy;

relative importance of public policies; and familiarity of the trial judge with the applicable state

law in diversity cases. *Id.*

"It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration

in any determination of a transfer request, and that choice 'should not be lightly disturbed.'" *Shutte*

*v. Armco Steel Corp.*, 431 F.2d. 22, 25 (3d Cir. 1970) (citation omitted); *Jumara*, 55 F.3d at 879.

"[T]he burden on a § 1404(a) motion must be borne by the party seeking to transfer the case

. . ." *Yocham v. Novartis Pharms. Corp.*, 565 F. Supp. 2d 554, 557 (D.N.J. 2008) (citations

3

omitted). "Specifically, the movant's burden is to show that (1) the case 'might have been brought' in the district to which he asks the court to transfer it, and (2) the proposed transferee court would be a more convenient forum for the litigation." *CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 643 (D.N.J. 2004).

## III.   DISCUSSION

First, it is undisputed between the parties, and the Court agrees, that this Action could have been initially filed in the Southern District of Alabama. (*See* Def.s.' Moving Br. 6, ECF No. 28-1; Pls.' Opp'n Br. 5.)[2] Accordingly, the Court will consider the public and private interest factors to determine whether transfer of venue to that district would better serve convenience and the interests of justice.

### A.   Private Interest Factors

Plaintiffs' forum choice—the first private interest factor—would normally be entitled to significant deference. *Shutte*, 431 F.2d at 25. The Court finds it appropriate, however, to reduce the amount of deference afforded here because Plaintiffs' selected forum is not their home forum. *See LG Elecs. Inc. v. First Int'l Comput. Inc.*, 138 F. Supp. 2d 574, 589 (D.N.J. 2001). In addition, a substantial part of the events giving rise to Plaintiffs' claims occurred within the Southern District of Alabama: Crowe alleges she underwent implantation of the Products, follow-up surgeries, and suffered injury and damages in Alabama. As to the second factor—Defendants' preference—while Defendants would "prefer to litigate this action closer to the jurisdictions where [Crowe] lives and received her medical treatment," (Defs.' Moving Br. 9), the Court agrees with Plaintiffs that, at most, this factor should be considered neutral as Defendants have not articulated any compelling

---

[2] Indeed, Defendants have been and are currently before the Southern District of Alabama in several other actions remanded from the MDL. *See, e.g., Blackmon v. Ethicon, Inc.*, Case No. 20-556 (S.D. Ala.); *Fields v. Ethicon, Inc.*, Case No. 20-321 (S.D. Ala.); *Aldridge v. Ethicon, Inc.*, 20-039 (S.D. Ala.).

reasons in support of their preference other than reiterating Plaintiffs' and certain witnesses' residence.

The crux of the parties' disagreement lies with the third private interest factor, where the claim arose. Defendants argue that because Crowe's surgery and her immediate post-surgical treatment all occurred in Alabama, and that Plaintiffs have alleged no medical treatment in New Jersey, the claims arose out of the Southern District of Alabama. (Defs.' Moving Br. 10.) Defendants argue that their residence in New Jersey is an insufficient connection to this district. (*Id.*) Plaintiffs, on the other hand, argue it is not dispositive that the injuries or the operative details surrounding the case occurred outside of New Jersey. (Pls.' Opp'n Br. 10–11.) Instead, Plaintiffs argue that transfer is improper because a significant portion of the Complaint relates to conduct they allege occurred in New Jersey—the design, development, and marketing of the Products. (Pls.' Opp'n Br. 11.) Plaintiffs rely on *Yocham* for this proposition. The facts of *Yocham*, however, are distinguishable from those of the present case. There, the Court gave weight to and relied on documentation that the out-of-state plaintiffs provided showing that defendants conducted studies in New Jersey on the product in question. *See Yocham*, 565 F. Supp. 2d at 556. Here, Plaintiffs have not made a similar showing apart from allegations in their Complaint that "Plaintiffs have alleged that a substantial part of the events and omissions giving rise to Plaintiffs' cause of action occurred in . . . the District of New Jersey." (Pls.' Opp'n Br. 2 (citing First Amended Master Long Form Complaint ¶ 11, Ex. 5 to ECF No. 10).) Rather, Defendants argue that the design process of the Products "was not limited to New Jersey employees," that the Products were not manufactured in New Jersey, and that the Products were marketed in Alabama as well as in New Jersey. (Def.s.' Reply Br. 1, ECF No. 31.) The Court, therefore, finds this factor weighs in favor of transfer to the Southern District of Alabama.

As to the fourth factor, the convenience of the parties, the Third Circuit has instructed district courts to consider the respective burdens on the parties "as indicated by their relative physical and financial condition." *Jumara*, 55 F.3d at 879. Considering the financial resources available to Defendants, the Court concludes that either forum would be equally convenient for them. And while Plaintiffs argue this factor is neutral, it most conforms with common sense to conclude that this District, hundreds of miles away from Alabama, would be less convenient for them than a court in their home state, even if it is one outside of the judicial district in which they live. This factor, therefore, weighs in favor of transfer to the Southern District of Alabama.

The last two private interest factors are both neutral. Both parties argue that third-party witnesses reside in their respective forum of choice and, therefore, no matter in which forum this case proceeds, certain witnesses, if unavailable for trial, would be out of the court's subpoena power. And as both parties acknowledge, given the prevalence of electronically stored information, documents or records can be easily moved electronically to different venues.

### B.     Public Interest Factors

The first two public interest factors—enforceability of judgment and practical considerations—are neutral. As both parties correctly acknowledge, any judgment will be equally enforceable in the District of New Jersey or the Southern District of Alabama. (Defs.' Moving Br. 12; Pls.' Opp'n Br. 14.) And given the likelihood that regardless of where this case is litigated, parties, documents, and witnesses will have to travel from one forum to another, "practical considerations that could make the trial easy, expeditious, or inexpensive" do not favor either forum. *Jumara*, 55 F.3d at 879. The third public interest factor—relative administrative difficulty—weighs in favor of transfer because the District of New Jersey is currently experiencing a judicial emergency and has six judicial vacancies, while the Southern District of Alabama has

6

none. *See* Current Judicial Vacancies, https://www.uscourts.gov/judges-judgeships/judicial-vacancies/current-judicial-vacancies (last visited April 7, 2021). Plaintiffs point out that Johnson & Johnson is a party in numerous actions in this district and is therefore "at home" in this Court, (Pls.' Opp'n Br. 16), but this argument does not speak to the Court's consideration of relative administrative difficulty.

The last three public interest factors weigh in favor of transfer. First, there is no dispute that Alabama law applies in this case, and therefore Alabama has a strong public policy interest in enforcing its own product liability laws in its state. And while Defendants are New Jersey corporations, and at least some of the work in designing the Products occurred and continues to occur in New Jersey, a substantial portion of the events giving rise to this claim occurred in Alabama and Alabama has a strong interest in resolving this controversy. Finally, although Plaintiffs correctly argue that federal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit, the last public interest factor weighs slightly in favor of transfer, as a judge sitting in the Southern District of Alabama would be more familiar with the applicable Alabama state laws at issue here. Accordingly, these factors weigh in favor of transfer to the Southern District of Alabama.

## IV.   CONCLUSION

For the reasons set forth above, the Court concludes that transfer to the Southern District of Alabama is warranted. The Court therefore transfers this matter to the United States District Court for the Southern District of Alabama. The Court will enter an Order consistent with this Memorandum Opinion.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

7