## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ROWENA K. CROWE,** *et al.*, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIV. ACT. NO. 1:21-cv-210-TFM-C** |
| ) | |
| **JOHNSON & JOHNSON,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment* (Doc. 102, filed 7/11/22) and brief in support (Doc. 103, filed 7/11/22). Plaintiffs move the Court, pursuant to Fed. R. Civ. P. 59, reconsider its Memorandum Opinion and Order and Judgment granting Defendants' Motion for Summary. Judgment. *See* Docs. 99, 100. In support of Plaintiffs' motion, they argue that the Court erred: in three ways: (1) finding that Alabama was the forum. State rather than New Jersey in its choice of law analysis; (2) by wrongfully concluding that Mrs. Crowe had reason in 2011/2012 to inquire into whether her injuries were related to mesh devices; and (3) by weighing conflicting evidence that created genuine issues of material fact as to the date of accrual under New Jersey's discovery rule. *See* Doc. 102 at 1. Defendants timely responded and Plaintiffs timely replied. *See* Docs. 107, 108.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised

prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

The Court finds nothing in the motion for reconsideration that causes it to question its determinations in the prior opinion. Further, the Court finds no manifest errors of law or fact. Rather, the matters are all matters that were previously litigated or could have been raised previously. Therefore, they are not entitled to relief pursuant to Fed. R. Civ. P. 59.

Accordingly, Plaintiff's motion for reconsideration (Doc. 102) is **DENIED.**

**DONE** and **ORDERED** this the 10th day of March 2023.

                                                  s/Terry F. Moorer
                                                  TERRY F. MOORER
                                                  UNITED STATES DISTRICT JUDGE